*875 OPINION OF THE COURT
William A. Viscovich, J.
Motion by defendant insurer for leave to amend its answer in this no-fault action and for summary judgment dismissing the complaint upon the grounds that the decision rendered after a previous bench trial of related matters constituted res judicata and/or collateral estoppel in this action, is granted only to the extent set forth below.
In this action, plaintiff health providers Huntington Medical Plaza, EC. and Island Regional Chiropractic PC., are seeking to recover reimbursement under no-fault plus statutory interest and attorney’s fees, on behalf of assignor, Brenda BorjaRamirez, arising out of a motor vehicle accident occurring on December 18, 2007. The causes of action (C/A) at issue herein, all for chiropractic or physical therapy services and the related dates of service (DOS), are as follows:
1st C/A - DOS - 8/3/09 - for $139.09;
3rd C/A - DOS - 8/31/09 - for $71.49;
5th C/A - DOS -10/12/09 - for $71.49;
7th C/A (on behalf of Island Regional) - DOS - 8/3/09 - for $33.70.
For each of these causes of action, there was a corresponding cause of action (to wit, the 2nd, 4th, 6th and 8th) for statutory attorney’s fees, the validity of each of which is dependant on the outcome of the underlying cause of action.
The defendant denied the claims alleged in the first, third and fifth causes of action as of April 25, 2008, for lack of medical necessity based upon independent medical examination (IME) findings by Dr. Bruce Meinhard. Plaintiffs’ last claim for $33.70 was denied by defendant for lack of medical necessity, to wit, “Chiropractic treatment denied as of 04/25/08 based on IME findings by Dr. Bruce B[e]rns.” The court notes that an additional basis for denial of the second claim was a lack of timely submission of the claim but, for purposes of this decision only, the court will assume timeliness.
At a bench trial conducted before Judge Rudolph Greco on March 17, 2011 of two related consolidated no-fault actions involving chiropractic and physical therapy services by the same provider to the same patient, resulting from the same accident, but with different dates of service, the parties stipulated as to the claims in question which collectively covered services billed for various dates of service between July 14, 2008 and February *876 2, 2009. All of those claims were denied by defendant, effective April 25, 2008, on the basis of either the IME by Dr. Berns or by Dr. Meinhard, which are the same as those at issue here. The parties further stipulated that the only triable issues to be decided are those contained in defendant’s denial of claim forms, namely, the medical necessity of the services in question. As to the late submission of a bill by the plaintiffs, both sides at trial consented to the prima facie case of each other, thus eliminating the need to try those issues. As such, no witnesses were called nor was evidence elicited thereof.
At trial, the defendant called, as its witnesses, Dr. Berns and Dr. Meinhard, each of whom testified as to his opinion that the subject services billed for were, based on his respective IME, not medically necessary. The plaintiffs called no witness in rebuttal.
After both sides rested, Judge Greco determined on the record that
“having heard the testimony of both witnesses, Meinhard and Berns and having considered the contents and credibility as well as the contents and credibility of the evidence submitted in both instances as Court Exhibit 1 and ... 1A ... [to wit, the assignments of benefits, all the aforementioned NF-3s, defendant’s NF-10s and the affirmed IME reports of Drs. Meinhard and Berns], the Court hereby finds in this matter judgment for the defendant.”
As both named plaintiffs herein were also plaintiffs in the prior actions, they did have a full and fair opportunity to contest the prior determination. The court again notes that the denials herein were based on the same IMEs, performed by the same doctors as in the actions tried before Judge Greco. In view thereof, it should not be unexpected that defendant would seek to raise a defense of res judicata and/or collateral estoppel in this action. Therefore, the court finds an absence of surprise or prejudice to plaintiffs in light of all the circumstances herein. Accordingly, the branch of defendant’s motion for leave to amend the answer to include the defense of res judicata and/or collateral estoppel, is granted and the answer is deemed so amended forthwith.
However, notwithstanding the above amendment of the defendant’s answer, that branch of the motion for dismissal is denied as discussed below. In order for the doctrine of collateral *877 estoppel to be successfully invoked, “the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and . . . the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination” (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
In opposition to defendant’s collateral estoppel argument, plaintiffs’ attorney, in her opposing affirmation, contends that Judge Greco neither stated
“that the services at issue were not medically necessary, nor ... in any way, shape or form that any and all treatment after the [IMEs] is medically unnecessary [and that as] a result, we would have no idea what the basis is for Judge Greco’s finding . . . and therefore, a collateral estoppel argument [has] no basis in the record.”
Counsel’s premise is disingenuous. The underlying rationale of Judge Greco’s decision is clear, unless one reads the decision with blinders on, totally ignoring the context in which it was made, to wit, the pretrial stipulation made clear that the only triable issues would be those contained in defendant’s denials. Although a lack of medical necessity was not the only basis for denial as to plaintiffs’ second claim, the only testimonial evidence presented as to all the claims therein was from defendant’s IME doctors as to their opinions that, based upon their IMEs, there was no medical necessity for the services billed for.
Nonetheless, the court finds that collateral estoppel does not apply here and that the issues litigated were not the same in both the consolidated prior actions and in the case at bar. Concededly, there is substantial similarity in the nature of the services billed for, as signified by the similarity of the fee code listings in both actions. Also, the denials herein were based on the same IMEs by the same doctors as in the actions tried before Judge Greco. However, while Judge Greco found that the particular services billed for in the prior actions were not medically necessary, they were performed on dates other than those claimed in this action. As counsel for plaintiffs noted in her amended affirmation in opposition,
“a patient’s condition can wax and wane after a motor vehicle accident, so even if the prior trial determined that the services rendered on those particular dates in dispute in that case were not medically necessary, it would not have any bearing on the dates of service at issue here.”
*878 While this court might consider holding differently, if the dates of service at issue in the case before it were contemporaneous with or had predated those in the case before Judge Greco, the services at issue herein postdate those considered by Judge Greco. The basis of denial in no-fault cases such as those at issue here is that the amount billed for a particular treatment was not a “[nfjedical expense [that was] necessary” (11 NYCRR 65-1.1 [d]). There is no case law of which this court is aware that makes an IME’s finding conclusive as to all post-IME treatment, that is, on the basis of a previous finding that there is no medical necessity for any other post-IME treatments not previously litigated. Obviously, insurers would be content with such a ruling (and there does exist a certain logic to it on public policy grounds) but, barring action by the state legislature, the Insurance Department or a higher court, it is left for the trial court to decide on a case-by-case basis.
Accordingly, the motion for dismissal is denied.